IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHARLES BAILEY,

        Plaintiff(s),

v.

OREGON STATE TREASURER,

        Defendant(s).

No. 3:24-cv-00634-HZ

OPINION & ORDER

Charles Bailey
P.O. Box 19813
Baltimore, MD 21225

    Plaintiff, *Pro Se*

HERNÁNDEZ, District Judge:

    This matter is before the Court on Plaintiff Charles Bailey's Application to Proceed *In Forma Pauperis*, ECF 2. Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the Court grants Plaintiff's request to proceed *in forma pauperis* pursuant

1 – OPINION & ORDER

to 28 U.S.C. § 1915(a). For the reasons below, however, the Court dismisses Plaintiff's Complaint without service of process. *See* 28 U.S.C. § 1915(e).

## STANDARDS

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

> (B) the action or appeal–
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989)(*sua sponte* dismissals under section 1915 "spare prospective defendants the inconvenience and expense of answering" complaints which are "frivolous, malicious, or repetitive"); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000)(section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by inmates). A complaint is frivolous when "it lacks an arguable basis in law or in fact." *Neitzke*, 490 U.S. at 325; *Ozim v. City & Cnty. of San Francisco*, No. 21-15099, 2021 WL 5412457, at *1 (9th Cir. Nov. 19, 2021). A complaint fails to state a claim when it does not contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that defendants violated plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 556–57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Courts, however, must construe *pro se* filings liberally. *Gonzalez-Castillo v. Garland*, 47 F.4th 971, 980 (9th Cir. 2022). A *pro se* complaint "'however inartfully pleaded, must be held to

less stringent standards than formal pleadings drafted by lawyers.'" *Simmons v. United States*, 142 S. Ct. 23, 25 (2021)(quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015)(citation omitted).

## DISCUSSION

### I. Allegations

On April 12, 2024, Plaintiff filed a pro se Complaint against Oregon State Treasurer, Tobias Read. Plaintiff's Complaint includes (1) his name and address, (2) Read's name and address, (3) an assertion of federal-question jurisdiction based on "liability + misdemeanor of medical state board + state judicial system," and (4) under the section for relief the following list: "death of father, medical malpractice, fraud." Compl., ECF 1, at 3. In the section for "Statement of Claims," Plaintiff states "liability + misdemeanor of medical state board + state judicial system." *Id.* at 4.

In an attachment to the Complaint Plaintiff states the following:

> Hello, im asking do you have a Legal department i can speak to? I plan to sue the state of Oregon for negligence of there medical board & improper deceitful ways of there judicial system. I lost my case. Oregon supreme court's because it was a Court clerk who actually signed for my mail & scrapped it! Leaving not leaving a reply which transitioned my case! USPS has them under investigation. I've notified the FBI agent Gabriel Montero also! In a nutshell what started out as a nightmare? My father passed suddenly January 30, 2021. His doctor signed his death certificate stating 12 years prostate cancer which was false! I pulled my father's medical records dating back 12 years prior & his prostate biopsy was negative! When I brung this to his attention? He then lawyered up & signed a contract stating my father wasn't his patient? But, my father's health

> insurance policy names him primary doctor! I notified State Treasury [*sic*] Mr. Tobias & also filed notice of claim with Oregon state but haven't gotten no response? I now seek representation. It's all or nothing. My record speaks for itself! I am a Law abiding citizen, never been arrested & God fearing. Please get in touch. I thank you for your time.

Compl., at 6.

## II.     Federal Rule of Civil Procedure 8

Under 28 U.S.C. § 1915(e)(2)(B)(i), a court must sua sponte dismiss an action when the plaintiff is proceeding IFP if the court determines that the action "is frivolous or malicious." "In addition to the grounds for a sua sponte dismissal set out in § 1915(e)(2)(B), the district court may also dismiss a complaint for failure to comply with Rule 8 if it fails to provide the defendant fair notice of the wrongs allegedly committed." *Herta v. Wiblemo*, No. 22-CV-1679-BAS-BGS, 2023 WL 116346, at *2 (S.D. Cal. Jan. 5, 2023)(citing *McHenry v. Renne*, 84 F.3d 1172, 1178–80 (9th Cir. 1996)(upholding Rule 8(a) dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant")). *See also Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058–59 (9th Cir. 2011)(collecting Ninth Circuit cases upholding Rule 8 dismissals when pleadings were "confusing," "largely irrelevant," "distracting, ambiguous, and unintelligible," "highly repetitious," and "consist[ing] of incomprehensible rambling"). Rule 8 requires that each pleading include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1).

Plaintiff's Complaint borders on the incomprehensible. Plaintiff does not set out a claim or statute under which he brings this action and the Court cannot decipher the allegations or how they relate to Defendant. The Complaint fails to give Defendant "'fair notice of what [P]laintiff's

4 – OPINION & ORDER

claim is and the grounds upon which it rests in order to enable [Defendant] to prepare an answer . . . and to identify the nature of this case.'" *Herta,* 2023 WL 116346, at *2 (citing *Isidro Mejia v. N.Y. Police Dep't*, 1:16-cv-9706-GHW, 2019 WL 3412151, at *7 (S.D.N.Y. July 28, 2019)). Plaintiff's Complaint, therefore, fails to comply with Rule 8.

### III.     Jurisdiction

Federal courts are courts of limited jurisdiction and are not empowered to hear every dispute presented by litigants. *See A-Z Intern. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003) ("It is fundamental to our system of government that a court of the United States may not grant relief absent a constitutional or valid statutory grant of jurisdiction. A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears.")(quotations omitted)). A federal district court is empowered to hear only those cases that are within the judicial power conferred by the United States Constitution and those that fall within the area of jurisdiction granted by Congress. *United States v. Ceja-Prado*, 333 F.3d 1046, 1049-50 (9th Cir. 2003). *See also Richardson v. United States*, 943 F.2d 1107, 1112-13 (9th Cir. 1991)(same). Original jurisdiction must be based on either diversity of citizenship for cases involving more than $75,000 in damages between citizens of different states or on a claim based on the United States Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 1331, 1332.

As noted, Plaintiff asserts this Court has federal question jurisdiction. Plaintiff, however, has not alleged that Defendant violated Plaintiff's constitutional rights or that Defendant violated Plaintiff's rights under a federal law or statute nor has Plaintiff alleged sufficient facts from which this Court can infer that Defendant violated Plaintiff's constitutional rights or that

Defendant violated Plaintiff's rights under a federal law or statute. Plaintiff, therefore, has not alleged facts sufficient to establish this Court has federal-question jurisdiction.

To establish diversity jurisdiction in the District of Oregon, a plaintiff must allege he resides in the State of Oregon, the defendant resides in another state, and the plaintiff seeks damages of more than $75,000. In the alternative, a plaintiff may establish diversity jurisdiction by alleging the defendant is a resident of Oregon, the plaintiff is a resident of another state, and the plaintiff seeks damages of more than $75,000. Plaintiff states he resides in Maryland and Read resides in Oregon. Plaintiff, however, does not allege an amount in controversy nor can this Court infer an amount in controversy from the allegations in the Complaint. Plaintiff, therefore, has not alleged facts that establish this Court has diversity jurisdiction.

**IV.     Eleventh Amendment**

The Eleventh Amendment generally bars a citizen from suing a state in federal court. *See Board of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 360 (2001); *College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 669-70 (1999). Supreme Court precedent establishes that a state is immune from suit in federal court unless Congress has abrogated the state's immunity by appropriate federal legislation or the state itself has waived it. *Va. Off. for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253-54 (2011).

Individual defendants who are sued in their official capacities are protected by Eleventh Amendment immunity to the extent that plaintiffs seek damages. *Brown v. Oregon Dep't of Corr.*, 751 F.3d 983, 989 (9th Cir. 2014)("'Eleventh Amendment immunity extends to actions against state officers sued in their official capacities because such actions are, in essence, actions against the governmental entity[.]'")(quoting *Jackson v. Hayakawa*, 682 F.2d 1344, 1350 (9th

6 – OPINION & ORDER

Cir. 1982)). *See also Lujan v. Oregon Dep't of Corr.*, No. 2:17-CV-01726-JO, 2019 WL 1460867, at *3 (D. Or. Apr. 2, 2019)("While defendants are correct that monetary relief would not be available to [the plaintiff], the Eleventh Amendment does not bar claims for declaratory and injunctive relief against individuals in their official capacity."))(citing *ACS of Fairbanks, Inc. v. GCI Commc'n Corp.*, 321 F.3d 1215, 1217 (9th Cir. 2003).

Accordingly, to the extent that Plaintiff has stated any claim against Defendant acting in his official capacity, it is barred by the Eleventh Amendment in so far as Plaintiff seeks damages.

**V.    Leave to Amend**

The Court must give a pro se litigant must leave to amend his complaint unless it appears the deficiency cannot be cured by amendment. *James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000)(citations omitted). Viewing all of the allegations in the Complaint as true, and construing all inferences in Plaintiff's favor, the Court cannot conclude that the deficiencies in the Complaint cannot be cured by amendment. The Court, therefore, grants Plaintiff leave to file an amended complaint to cure the deficiencies set out in this Opinion and Order.

## CONCLUSION

For these reasons, the Court grants Plaintiff's Application to Proceed In Forma Pauperis, ECF 2, and dismisses Plaintiff's Complaint with leave to amend. Plaintiff may file an amended complaint curing the deficiencies set out herein no later than 30 days after entry of this Opinion and Order. Failure to file a timely amended complaint will result in dismissal of this matter with

prejudice.

IT IS SO ORDERED.

DATED: _____May 5, 2024_____.

_____Marco Hernández_____
MARCO A. HERNÁNDEZ
United States District Judge

2 – OPINION & ORDER